No. 15-16142

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PUBLIC INTEGRITY ALLIANCE INC., an Arizona
nonprofit membership corporation, et al.,

Appellant,

v.

CITY OF TUCSON, a chartered city of the state of Arizona, et al.,

Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

No. CV-15-138-TUC-CKJ
The Honorable Cindy K. Jorgenson
United States District Court Judge

# AMICUS BRIEF OF THE STATE OF ARIZONA IN SUPPORT OF APPELLANTS OPPOSING REHEARING OR REHEARING EN BANC

Mark Brnovich
 *Attorney General*
John R. Lopez, IV
 *Solicitor General*
Jennifer M. Perkins
OFFICE OF THE ATTORNEY GENERAL
1275 West Washington Street
Phoenix, Arizona 85007
602-542-7826

January 15, 2016

## TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................... ii
TABLE OF AUTHORITIES ................................................................................ iii
IDENTITY AND INTEREST OF *AMICUS CURIAE* ............................................1
ARGUMENT ..........................................................................................................2
   I.   The Panel Decision Does Not Create a Lack of Uniformity or Conflict with Relevant Decisions. ...........................................................................................2
   II.   The Question Presented Is Not One of Exceptional Importance in Light of Related, Ongoing State Proceedings ...................................................................3
CONCLUSION .......................................................................................................5

# TABLE OF AUTHORITIES

Cases

*Alaskan Independence Party v. Alaska*,
 545 F.3d 1173 (9th Cir. 2008) ........................................................................... 2, 3
*City of Tucson v. Arizona*,
 229 Ariz. 172 (Ariz. 2012) ................................................................................. 1, 2
*Lightfoot v. Eu*,
 964 F.2d 865 (9th Cir. 1992) ............................................................................. 2, 3
*New York State Bd. of Elections v. Lopez Torres*,
 552 U.S. 196 (2008) ........................................................................................... 3, 4
*United States v. Am.-Foreign S.S. Corp.*,
 363 U.S. 685 (1960) ............................................................................................... 2

Statutes

A.R.S. § 9-821.01(C) ................................................................................................ 1
Ariz. Const. Art. 13, § 2 ........................................................................................... 1

Rules

Fed. R. App. P. 35(a) ............................................................................................ 2, 5
Rule 35(a)(1) .......................................................................................................... 2, 3
Rule 35(a)(2) .......................................................................................................... 3, 5

# IDENTITY AND INTEREST OF *AMICUS CURIAE*

The State of Arizona opposes rehearing of this matter by an *en banc* court.[1] Tucson's unique, unconstitutional hybrid election system for selection of city council members is at odds with state law. *See* Ariz. Rev. Stat. § 9-821.01(C) (specifically prohibiting a ward/at-large hybrid system). The city has thus far proceeded with its improper scheme despite state law based on its status as a charter city, which confers added autonomy on certain municipalities with more than 3,500 residents. *See City of Tucson v. Arizona*, 273 P.3d 624 (Ariz. 2012) (holding that Tucson could operate in violation of the state law because of its status as a charter city); *see also* Ariz. Const. Art. 13, § 2 (providing for charter cities).

Arizona's statutory ban on hybrid schemes remains in effect. The state court's delicate balance of that general prohibition and Tucson's status as a charter city is not at issue before this Court. Nevertheless, the panel's correct decision effectuates this important state policy, with which Tucson—and only Tucson, as no other Arizona city has opted for a hybrid scheme—is currently at odds. The State of Arizona thus has an interest in preserving this Court's decision that now serves to buttress its statutory provision.

Further, as discussed in greater detail below, a separate but related election challenge case is currently pending in the Arizona Supreme Court through a

---

[1] Rule 29(a) permits the State of Arizona to file as *amicus curiae* without either the consent of the parties or leave of the court.

special action petition. That case may provide the state court with a vehicle to independently evaluate the constitutionality of hybrid election schemes under Arizona's own constitutional provisions.

**ARGUMENT**

This Court's authority to revisit matters previously resolved by a three-judge panel is discretionary. Fed. R. App. P. 35(a). The exercise of that discretion is disfavored and only appropriate in limited circumstances involving the need to maintain uniformity of the Court's decisions, or where the question presented is of exceptional importance. *Id.* No "extraordinary circumstances" justify *en banc* rehearing in this case. *United States v. Am.-Foreign S.S. Corp.*, 363 U.S. 685, 689 (1960) ("En banc courts are the exception, not the rule. They are convened only when extraordinary circumstances exist that call for authoritative consideration and decision by those charged with the administration and development of the law of the circuit.").

**I.  The Panel Decision Does Not Create a Lack of Uniformity or Conflict with Relevant Decisions.**

Appellees, the City of Tucson and others ("the City"), identified two decisions of this Court as providing a basis for *en banc* rehearing pursuant to Rule 35(a)(1): *Alaskan Independence Party v. Alaska*, 545 F.3d 1173 (9th Cir. 2008) and *Lightfoot v. Eu*, 964 F.2d 865 (9th Cir. 1992). Pet. for Reh'g En Banc at 1-2.

But neither of these cases involves such similar factual and legal claims as to reasonably suggest the panel here departed from their holdings. Both cases, rather than raising systemic challenges to election schemes based on equal protection violations, arose in the context of First Amendment free association claims. *Alaskan Independence Party*, 545 F.3d at 1176; *Lightfoot*, 964 F.2d at 867; *see also* Resp. to Pet. for Reh'g En Banc at 13-15.[2]

The City similarly misapprehends Supreme Court precedent in suggesting that the panel somehow departed from such cases. To the extent this Court desires a discussion of these asserted departures from precedent, Appellants have adequately addressed these cases. *Id.* at 3-14. In short, the City fails to provide a legitimate basis for granting discretionary *en banc* review for the purpose of "secur[ing] or maintain[ing] uniformity of the court's decisions." Fed. R. App. P. 35(a)(1).

## II. The Question Presented Is Not One of Exceptional Importance in Light of Related, Ongoing State Proceedings.

While election issues are clearly important, even foundational to this country, Rule 35(a)(2) directs the Court to exercise its discretion to review matters *en banc* only where *exceptionally* important issues are at stake. This is not one of

---

[2] The same issue requires rejection of the City's citation to Supreme Court First Amendment free association cases. *See, e.g., New York State Bd. of Elections v. Lopez Torres*, 552 U.S. 196, 201-02 (2008).

those cases, in part because there is a separate but related matter currently pending in state court that undercuts the importance of the proceedings in this Court and counsels against *en banc* review.

Shortly after the panel decision in this matter issued, candidates who suffered injuries as a result of Tucson's unconstitutional scheme filed an election challenge in state court. *See Lawton, et al., v. City of Tucson, et al.*, First Am. Verified Election Contest Compl., Pima County Superior Court No. C20155222 (filed November 16, 2015). The trial court rejected the challenge, and the candidates have since petitioned the Arizona Supreme Court for special action relief. *See Lawton, et al., v. City of Tucson, et al.*, Pet. for Special Action, Arizona Supreme Court No. CV-15-0380-SA (filed December 21, 2015).

The Arizona Supreme Court issued a scheduling order in the special action case, setting forth a briefing schedule and indicating its intent to consider the case on Tuesday, February 9, 2016. *See id.*, Order, No. CV-15-0380-SA (filed December 23, 2015). While the special action petition seeks relief partly based on the panel decision in this case, it also invites the Arizona Supreme Court, a court of general jurisdiction, to take up the constitutionality of the Tucson City Council electoral scheme itself. Pet. for Special Action at 34. Should the Arizona Supreme Court decline to adopt this Court's ruling, it may well consider several provisions of the Arizona Constitution that can independently dispose of the case.

Given the expedited nature of election challenges generally, and those pursued via special action in particular, it is most reasonable to assume that the Arizona Supreme Court will reach its own conclusions before this Court has the opportunity to reconsider this matter *en banc*. The presence of this related state court matter sharply undercuts the unique or exceptional nature of the federal court case in evaluating this case under Rule 35(a)(2).

## CONCLUSION

Because there are insufficient grounds under Rule 35(a) to justify this Court's exercise of its discretionary *en banc* rehearing authority, the State of Arizona respectfully urges the Court to deny the City's request.

January 15, 2015  Respectfully Submitted,

 s/ Jennifer M. Perkins
Mark Brnovich
  *Attorney General*
John R. Lopez, IV
  *Solicitor General*
Jennifer M. Perkins
OFFICE OF THE ATTORNEY GENERAL
1275 W. Washington St.
Phoenix, Arizona 85007
602-542-7826

*Counsel for Amicus the State of Arizona*

# CERTIFICATE OF COMPLIANCE

I certify that pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 29-2(c)(2), the attached amicus brief is proportionately spaced, has a typeface of 14 points or more, and contains 1,048 words.

    s/ Jennifer M. Perkins    .
Jennifer M. Perkins
  *Assistant Solicitor General*
Office of the Attorney General
1275 W. Washington Street
Phoenix, AZ 85007
(602) 542-7826

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on January 15, 2015. All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

 s/ Jennifer M. Perkins
Jennifer M. Perkins
 *Assistant Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
1275 W. Washington Street
Phoenix, AZ 85007
(602) 542-8255