*Appeal No. 15-16142*

IN THE

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PUBLIC INTEGRITY ALLIANCE, INC., an Arizona nonprofit membership corporation; BRUCE ASH, an individual; FERNANDO GONZALES, an individual; ANN HOLDEN, an individual; LORI OIEN, an individual; and KEN SMALLEY, an individual,

*Plaintiffs and Appellants,*

vs.

CITY OF TUCSON, a chartered city of the State of Arizona; JONATHAN ROTHSCHILD, in his capacity as the Mayor of the City of Tucson; REGINA ROMERO, PAUL CUNNINGHAM, KARIN UHLICH, SHIRLEY SCOTT, RICHARD FIMBRES, and STEVE KOZACHIK, each in his or her capacity as a member of the Tucson City Council; and ROGER RANDOLPH, in his capacity as the Clerk of the City of Tucson,

*Defendants and Appellees.*

On Appeal From the United States District Court
for the District of Arizona
Hon. Cindy K. Jorgenson
Case No. 4:15-cv-00138-CKJ

**MOTION TO DISMISS LORI OIEN AS PLAINTIFF/APPELLANT**

Kory A. Langhofer – Ariz. 024722
Thomas J. Basile – Ariz. 031150
Roy Herrera Jr. – N.Y. 4772430
STATECRAFT PLLC
649 North Fourth Avenue
First Floor
Phoenix, AZ  85003
Telephone: 602.382.4078

Attorneys for Plaintiffs-Appellants

Plaintiffs/Appellants respectfully request that Plaintiff/Appellant Lori Oien be dismissed as a party to this action.

**GROUNDS FOR MOTION**

Because Ms. Oien was at all times a properly joined party and her dismissal will not deprive this Court of jurisdiction or impede the resolution of this appeal, the Appellants believe this Motion need not find specific license in any particular provision of the Federal Rules of Civil Procedure or the Federal Rules of Appellate Procedure.

To the extent the Motion requires a basis in the Rules, Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Although it is by its terms intended as a mechanism for emending the improper joinder of parties, "[t]he application of Rule 21 has not been limited to cases in which parties were erroneously omitted from the action or technically misjoined." Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1682 (3d ed.). Further, the Supreme Court has confirmed that the authority Rule 21 confers on the federal trial courts extends in equal measure to the courts of appeal. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable…party to be dropped at any time, even after judgment has been rendered. Although the Federal Rules of Civil Procedure strictly apply only in the

district courts, Fed.Rule Civ.Proc. 1, the policies informing Rule 21 may apply equally to the courts of appeals.").

Ms. Oien has at all times been – and remains – a proper party to these proceedings. Because she has recently commenced employment in the City of Tucson Police Department, however, Ms. Oien seeks dismissal to prevent the appearance of any conflict between her duties to her employer and her status as a party to this litigation.

Ms. Oien's dismissal will not in any way impede the conduct of these proceedings, impair the effectuation of the relief sought by the Appellants, or cause prejudice to any party. *See Newman-Green*, 490 U.S. at 837-38 (stating that courts should consider whether dismissal of dispensable party would inflict prejudice). All claims presented in this litigation are shared in common by all the Appellants, and their disposition hinges entirely upon pure questions of law. None of the issues in dispute are predicated in any way upon factual allegations appertaining uniquely to Ms. Oien relative to the remaining Appellants, and Ms. Oien's presence as a party is unnecessary to their full adjudication.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss Lori Oien as a party to this action.

Dated: March 28, 2016                    STATECRAFT PLLC


                                         By: *s/ Thomas J. Basile*
                                            Kory A. Langhofer
                                            Thomas J. Basile
                                            Roy Herrera Jr.
                                            649 North Fourth Avenue
                                            First Floor
                                            Phoenix, AZ  85003
                                            Attorneys for Plaintiffs/Appellants

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2016, I electronically filed the foregoing MOTION TO DISMISS LORI OIEN AS PLAINTIFF/APPELLANT with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all counsel who are registered CM/ECF users will be served by the appellate CM/ECF system.

*s/ Thomas J. Basile*